**US DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHELLE SCOTT, on her own
behalf and on behalf of those similarly
situated,**

        **CASE NO.:**    3:20-cv-760-DPJ-FKB

    **Plaintiffs,**

vs.

**PACIFIC BELLS, LLC,**

    **Defendant.**             /

**COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)**

Plaintiff, MICHELLE SCOTT ("SCOTT" or "Plaintiff"), on her own behalf and on behalf of those similarly situated (hereinafter as "Plaintiffs"), was an employee of Defendant, PACIFIC BELLS, LLC (hereinafter referred to as "BELLS" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated general managers time and one-half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every general manager who worked for Defendant at any time within Mississippi during the past three (3) years.

## PARTIES

8. Plaintiff, and those similarly situated individuals ("class members"), were general managers paid on an hourly basis for services performed for Defendant at Defendant's Taco Bell restaurants in Mississippi.

9. Defendant is a Foreign Profit Corporation.

10. Defendant operates 242 restaurants in eight states (Alabama, California, Mississippi, Ohio, Oregon, Tennessee, Washington, and Wisconsin), including numerous Taco Bells in the state of Mississippi. *See* Defendant's website at https://pacificbells.com/.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant conducts business in, among others, Hinds County, Mississippi, therefore venue is proper in the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, and food service supplies).

## FACTUAL ALLEGATIONS

17. Defendant is a company classified as a restaurant.

18. Defendant has a common pay policy and/or pay practice which fails to pay certain hourly employees at a rate of time and one-half their regular rate of pay for all hours worked in excess of forty (40) per week.

19. Plaintiff, SCOTT, worked as an hourly paid, non-exempt General Manager for Defendant from approximately November 2008 through September 2020.

20. Plaintiff, SCOTT, worked for Defendant at two (2) of its Taco Bell restaurants located at 5575 I-55 South Frontage Road, Byram, Mississippi 39272 and 3416 Pemberton Square Blvd, Vicksburg, Mississippi 39180.

21. Plaintiff and those similarly situated to her routinely worked in excess of forty (40) hours per week as part of her/their regular job duties.

22. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half of their regular rate of pay for all hours worked over forty (40) in a workweek.

23. Upon information and belief, Defendant had/have a company-wide policy of failing to pay its Taco Bell General Managers proper overtime compensation for all of their overtime hours worked.

24. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

25. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

26. Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to her in accordance with the law.

## **COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiff and the class members performed the same or similar job duties as one another in that they performed General Manager duties on behalf of Defendant.

28. Plaintiff and the class members were all paid an hourly rate for the work performed.

29. Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

30. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

31. Defendant's failure to compensate Plaintiff and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

32. These policies or practices were applicable to Plaintiff and the class members.

33. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of proper overtime wages to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All General Managers who worked for Defendant at its Taco Bell restaurant locations within Mississippi during the last three (3) years and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

36. During her/their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid time and one-half compensation for each of those hours.

37. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to her, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, is/are entitled to liquidated damages.

39. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her/them for which Defendant did not properly compensate her/them;

    c) Liquidated damages;

    d) Reasonable attorneys' fees and costs incurred in this action;

    e) Pre- and post-judgment interest as provided by law;

    f) Trial by jury on all issues so triable;

    g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: November 24, 2020          Respectfully submitted by,

*/s/ Martin Jelliffe*
Martin Jelliffe, Esq.
Bar No.: 3067
Morgan & Morgan, P.A.
4450 Old Canton Rd Suite 200
Jackson, MS 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com
Trial Attorneys for Plaintiff
*Local Counsel*

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esquire
Bar No.:  025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiffs
(*Pro Hac Vice Forthcoming*)
